GEORGE CHAMBERLIN *et al.*, Appellants, *v.* GEORGE VAN CAMPEN *et al.*, Respondents.

*Court of Appeals, April* 15, 1890.

Reversing 44 Hun, 625, Mem.

1. *Appeal. Reversal on questions of fact.*—Where it appears from the order of the general term that the reversal of the judgment was not had upon questions of fact, the court of appeals must consider whether the trial court committed an error justifying such reversal.
2. *Same. Question of fact.*—The question as to whether a contract for sale of machinery rested entirely in parol, or was reduced to writing, is, on conflicting evidence, one for the jury.

Appeal from an order of the general term of the supreme court, reversing a judgment entered upon a verdict and granting a new trial.

*J. H. Waring*, for appellants.

*C. S. Cary*, for respondents.

PARKER, J.—As it appears from the order of the general term that the reversal was not had upon questions of fact, we are to consider whether the trial court committed an error justifying such reversal.

The action was brought to recover damages alleged to have been sustained by reason of a breach of warranty forming a part of a parol contract for the sale of certain machinery and appliances belonging to the defendants. The defendants denied the warranty, and insisted that the oral negotiations were reduced to writing. of which the following is a copy :

" OLEAN, N. Y., *April* 14, 1886.

" This agreement is to certify that we have this day sold and transferred to the Chamberlin Manufacturing Company

for $1,000, and the receipt whereof is hereby acknowledged, all burnt machinery and iron of the Van Campen mill, situated on Chipmunk creek, viz.: one boiler, one engine, one steam mill, one steam edger, one J. S. Graham planer, together with all shafting, pulleys, belts and all iron, cast, wrought or malleable, connected with said burned mill, of every name and nature.

" GEORGE VAN CAMPEN & SONS."

At the close of the case, the defendants' counsel asked the court to direct a verdict in favor of the defendants, upon the grounds that it appeared that the plaintiffs acquired title by virtue of a written contract and are, therefore, precluded from a recovery upon the warranty growing out of the parol negotiations between the parties prior to the execution of the contract. The court denied the motion, and thus is presented, as we think, the only question requiring consideration. Whether the contract was entirely oral as claimed by plaintiffs, or reduced to writing as insisted upon by defendants, was sharply litigated.

In support of the plaintiffs' contention, Henry W. Chamberlin testified that on the part of the plaintiffs the negotiations were conducted by himself, and James K. Van Campen represented the defendants; that such negotiations were entirely oral, nothing whatever being said by either of them at any time about reducing the agreement to writing; that the terms of sale were agreed upon about two weeks before the 14th day of April, at which date the consideration was paid; that he never saw or heard of the writing which the defendants insist constitutes the agreement of sale until about three weeks before the trial, when it was found among the papers of the plaintiff's deceased father. It is urged that the alleged written agreement may also be said to support in some measure the plaintiffs' position. It was not signed by the plaintiffs, does not purport to be a contract of sale *in presenti*, but presupposes by its terms an executed

sale in that it recites that the machinery has been sold and acknowledges that the consideration has been paid.

On the part of the defendants, Van Campen testified that he drew the paper in his office and then went to the plaintiffs' office and handed him (apparently referring to George Chamberlin, who had not taken part in the negotiations) the alleged agreement, and that about ten minutes afterwards Henry Chamberlin came in and gave him the notes in payment for the property and he went away. He does not testify that he ever suggested to Henry Chamberlin that the agreement be reduced to writing or that he had done or intended to do so.

Here then was a disputed question of fact. Did the contract rest entirely in parol, or did the writing signed by the defendants represent the meeting of the minds of the parties? This question was clearly for the jury. It could not be determined by the trial court as a matter of law. And as the evidence authorized the jury to find the making of a warranty and a breach thereof if they should first determine the agreement to have been verbal, the learned trial court properly denied the motion to direct a verdict.

No exceptions were taken to the manner in which the court submitted the questions of fact to the jury, nor was there any error committed in the admission of testimony.

The order of the general term should be reversed and the judgment of the trial court affirmed, with costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.